# Examples of Probationary Sentences in Child Pornography Cases

The following list previously was prepared by attorneys at the Federal Public Defenders of Eastern Washington. In each of the cases, which are organized chronologically, the defendant received a sentence of either probation or only days in custody for possession of child pornography charges.

1. *United States v. Ryan Kanarr,* 17-CR-248 (E.D. Pa. 2018)(house arrest for transgender man with mental health issues who was on testosterone and hypersexual at time of offense, faced obvious difficulties if imprisoned and demonstrated significant post-offense rehabilitation);
2. *United States v. Boccardo,* 17-CR-121 (E.D.Va. 2017)(two years probation for a client with Asperger's Syndrome);
3. *United States v. Keskin,* 17-CR-077-RBD (M.D. Fl. 2017)(time served for client with Asperger's Syndrome);
4. United *States v. Lorente,* No. 2:15cr274 (W.D. Wa. 2017) (time-served);
5. *United States v. Lovett,* 16-CR-020 (D. Vt. 2017) (time served followed by five years of supervised release);
6. *United States v. Roberts,* No. 4:16cr63 (E.D. Va. 2017) (pied guilty to access with intent to view, guidelines 63-78 months, received time-served sentence of twelve days with one year on home electronic monitoring based on lack of criminal history, prior productive and stable life, little chance of recidivism);
7. *United States v. Trent,* 17-04065 (W.D. Mo. 2017)(thirty days confinement);
8. *United States v. Wood,* 17-CR-019 (W.D. N.C. 2017)(nine month incarceration and nine months house arrest in Operation Playpen case);
9. *United States v. Zimmerman,* 17-CR-33-JLQ (E.D. Wa 2017)(received sentence of one day incarceration and six months home detention for pharmacist with virtually no criminal history with documented history of mental illness including psychotic delusions dating back nineteen years).
IO. *United States v. Benton,* 16-CR-287 (M.D. Fla. 2016) (sixty months' probation for client with mental illness including paranoid schizophrenia who helped care for elderly family members);
11. *United States v. Carlsson,* 15-CR-200-B (M.D. Fla. 2016)(time served with ten years' supervised release for client with Asperger's Syndrome)
12. *United States v. Chung,* No. 3:16cr33 (W.D. Wis. 2016) (five years' probation for possession);

13. *United States* v. *E.L.,* 188 F. Supp. 3d 152, 154 (E.D.N.Y. 2016) (five years probation for defendant who began using child porn when he was depressed and isolated);
14. *United States* v. *Ferrell,* No. 1:15cr331 (E.D.N.Y. 2016) (time-served sentence of one day imprisonment with six years of supervised release);
15. *United States* v. *Haller,* No. 2:15cr242 (W.D. Wa. 2016) (two-days, time-served with ten years of supervised release);
16. *United States* v. *Jimenez,* 16-CR-20899 (S.D. Fla. 2016)(time served based on physical disabilities, medical complications and low risk of recidivism);
17. *United States* v. *R.O.,* 16-CR-188 (E.D. Pa. 2016);
18. *United States* v. *R.V,* 157 F. Supp. 3d 207,212 (E.D.N.Y. 2016) (imposing time-served sentence of five days plus supervised release despite Guidelines range of 78-97 months for downloading child porn for a year and chatting with minors where defendant grew up in a poor family in Puerto Rico);
19. *United States* v. *Vasquez,* Case No. 14cr316 (E.D.N.Y. 2016) (five days time-served with seven years' supervised release);
20. *United States* v. *Arkhangorodskiy,* No. 14cr283 (E.D.N.Y. 2015) (four days time-served with five years' supervised release, 200 hours of community service, and 6 months of home confinement);
21. *United States* v. *Bertrand,* No. 14cr286 (E.D.N.Y. 2015) (four years' probation);
22. *United States* v. *Bryer,* No. 13-96-MRH (W.D. Pa. 2015)(one day incarceration followed by fourteen months home detention)
23. *United States* v. *Crespo-Rios,* No. 08cr208, 2015 WL 6394256, *1 **(D.P.R.,** 2015) (holding that "time served followed by a long period of supervised release [ ...] is justified in view of each of the sentencing factors outlined in 18 U.S.C. § 3553");
24. *United States* v. *D.MM,* 15-CR-476 (E.D. Pa. 2015)(sentence of one day of incarceration followed by six months of house arrest with electronic monitoring);
25. *United States* v. *Dirisio,* 15-CR-049 (S.D. Iowa 2015)(time served with ten years of supervision for with significant mental impairments and history of physical and mental abuse as a child);
26. *United States v. Dyson,* 11-CR-1386 (D.N.M. 2015)(time served of two days after hung jury);
27. *United States* v. *Gonzalez,* No. 14crl 16 (E.D.N.Y. 2015) (five years' probation);

28. *United States v. Jennings,* 15-CR-275 (D. Vt. 2015)(time served followed by ninety days' home confinement and thirty years of supervised release);
29. *United States v. Karlberg,* 14-CR-030 (D. Vt. 2015)(time served and lifetime of supervised release for autistic defendant with lower level of intellectual functioning);
30. *United States v. Maliza,* No. 13cr628 (E.D.N.Y. 2015) (three years' probation);
31. *United States v. Mule,* Case No. 14cr269 (E.D.N.Y. 2015) (one day time-served with ten years' supervised release);
32. *United States v. Roth,* No. 13cr392 (E.D.N.Y 2015) (five years' probation with 100 hours of community service);
33. *United States v. Seago,* 15-CR-515 (E.D. Mo. 2015)(time served with 12 months home confinement based upon advanced age, medical issues, difficult upbringing and lack of criminal history);
34. *United States v. Zofchak,* 14-CR-20538 (E.D. Mich 2015)(ten years of supervised release based on mental health issues);
35. *United States v. Stokes,* No. 13cr404 (E.D.N.Y. 2014) (one day time-served with five years' supervised release);
36. *United States v. Alessi,* No. 12cr157 (E.D.N.Y 2013)(one day time-served with seven years' supervised release)
37. *United States v. Bender,* 12-CR-128 (M.D. Fla. 2013) (sentenced to time served (one day) followed by 10 years of supervised release with two years on home confinement where defendant was young, suffered from depression, was vulnerable to abuse in prison presented a low risk of harm to others, and was doing well in treatment);
38. *United States v. Carswell,* No. 2:13-cr-00055-MHT-CSC, 2013 WL 12116243 (M.D. Ala. 2013) (sentenced to 20 days imprisonment as time-served, time served, for one count of child pornography possession using peer file-sharing network);
39. *United States v. D.M,* 942 F. Supp. 2d 327 (E.D.N.Y. 2013) (22-year-old defendant was given five years of probation for possessing several hundred images and videos where defendant was exposed to porn as a 13-year-old boy by a friend);
40. *United States v. Hall,* No. 12-CR-20119 (W.D. Tenn. 2013) (as corrected on Feb. 20, 2013) (sentenced to time served (one day) followed by ten years of supervised release, with five years on home confinement, where defendant had been sexually abused as a child, suffered from serious medical problems and depression, and had a long work history);

41. *United States v. Mallatt,* No. 13cr3005, 2013 WL 6196946, at *13 (D. Neb. 2013) ("sentence of time served, followed by six years of supervision with special conditions including intensive treatment is adequate to fulfill the goals of sentencing in this case");
42. *United States v. Mangual,* No. 12crl70 (E.D.N.Y 2013) (five years' probation);
43. *United States v. Rhoads,* No. 12-CR-40078 (D. Kan. 2013) (sentenced to five years' probation (guideline range of 97-121 months) where defendant was 18-19 years old at the time of the offense, was a victim of childhood abuse, and was successfully undergoing outpatient sex offender treatment);
44. *United States v. Robinson,* No. 09-CR-20091 (E.D. Mich. 2013) (since time of arrest, defendant's severe mental health problems, including suicidal ideation, had much improved through consistent psychiatric treatment and supervision and he had passed four polygraph tests while on release; resentenced to one day in prison followed by ten years' supervised release (which was an increase from one previous sentence of day in prison followed by five years' supervised release, which had been reversed as substantively unreasonable));
45. *United States v. Smith,* No. 12-83 (one day incarceration followed by six months home detention);
46. *United States v. Wayne,* No. 12cr436 (E.D.N.Y 2013) (five years' probation with twelve months home confinement);
47. *United States v. A.F.,* 12-CR-256 (E.D. Pa. 2012)(one day incarceration for client who was 72 years old);
48. *United States v. Banta,* 12-CR-20156 (E.D. Mich 2012)(time served and ten years of supervised release);
49. *United States v. Bidondi,* No. 10-190-ML (one day incarceration followed by twelve months home detention);
50. *United States v. Dubin,* 12-CR-20828 (E.D. Mich. 2012)(one day in custody followed by five years of supervised release based on autism and low risk of recidivism);
51. *United States v. Lang,* No. 09-CR-036 (M.D. Tenn. 2012) (sentenced to time served (six days) followed by seven years of supervised release with the condition that he teach in prison for forty hours a week for three years, plus a $10,000 fine where defendant had been a professor of sociology for 35 years, had strong family and community support, had only a minimal amount of child pornography, and immediately sought therapy);

52. *United States v. Proulx,* 11-CR-10274 (D. Mass. 2012) (sentenced to five years' probation, the first six months on home detention with electronic monitoring, where defendant had no pedophilic interest in children, a strong work history, and strong family support);
53. *United States v. Teays,* No. 09-CR-532 (E.D. Cal. 2012) (sentenced to five years' probation where defendant had been the victim of sexual abuse as a child, was socially withdrawn, and had been undergoing successful counseling);
54. *United States v. Teves,* 11-CR-10351 (D. Mass. 2012) (sentenced to five years' probation, the first six months on home confinement with electronic monitoring where defendant's treating physicians reported that he presents no danger and that incarceration would interrupt successful treatment);
55. *United States v. Tucker,* No. 11-CR-00252 (M.D. Fla. 2012) (sentenced to time served (one day) followed by 15 years of supervised release, with 18 months in home detention with electronic monitoring);
56. *United States v. Waters,* No. 11-CR-98 (D. Vt. 2012) (young, immature defendant, making progress in treatment, vulnerable in prison, little risk of re-offending);
57. *United States v. Angel,* No. 09-CR-00401 (M.D. Fla. 2011) (75-year-old defendant who was confined to a wheelchair and used an oxygen tank was sentenced to probation);
58. *United States v. Birdsall,* No. 11-CR-134 (D.N.J. 2011) (20-year-old offender who collected more than 1800 images and 74 videos using file-sharing software);
59. *United States v. Morrison,* No. 08-CR-167 (E.D. Cal. 2011) (defendant was 70 years old, government agreed to sentence);
60. *United States v. Reardon,* 1l-CR-10325 (D. Mass. 2012) (sentenced to five years' probation where the defendant was very timid and had a history of bipolar disorder and suicide attempts);
61. *United States v. Saenz,* No. M-05-CR-877 (S.D. Tex. 2011) (defendant had been abused as a child, served five years of home confinement, and never acted out; he possessed 126 images, including those of boys being raped);
62. *United States v. Syzmanski,* No. 08-CR-417 (N.D. Ohio 2011) (sentenced to one day in prison followed by five years of supervised release where 54-year-old defendant had strong work record and community support, health problems, and therapist indicated that he presented no risk to children);

63. *United States v. Applequist,* No. 09-CR-120 (D. Alaska 2010) (sentenced to five years' probation plus a $12,500 fine where 76-year-old defendant was bed-ridden with Parkinson's disease and chronic obstructive pulmonary disease);
64. *United States v. Arzberger,* No. 08-CR-894 (S.D.N.Y. 2010) (sentenced to five years' probation where guideline range was 41-51 months);
65. *United States v. Camiscione,* 04-CR- 594 (N.D. Ohio 2010) (as modified on Aug. 19, 2010) (sentenced to one day in prison followed by three years of supervised release with sixteen weeks of intermittent confinement, and six months of home detention with electronic monitoring where defendant had epileptic seizures and there was no evidence that he presented a risk to children);
66. *United States v. Campbell,* No. 09-CR-3023 (D. Neb. 2010) (sentenced to five years' probation with 120 days in a halfway house followed by six months of home confinement on electronic monitoring, 100 hours of community service, plus a $7,500 fine, where images were riot as serious as most, defendant had successfully passed a polygraph, and forensic evaluations indicated that he presented little risk of recidivism);
67. *United States v. Colby,* No. 09-CR-20401 (E.D. Mich. 2010) (defendant was a 78-year old man with health issues who distributed, received, and possessed illegal images through file-sharing program and was sentenced to one-day of imprisonment);
68. *United States v. Danaher,* 10-CR-150-CAS (C.D. Cal. 2010)(one day with ten years' supervised release for client with Asperger's Syndrome)
69. *United States v. Flores,* No. 09-CR-60100 (D. Or. 2010) (defendant a 23-year military veteran, lost $1.9 million in retirement benefits as a result of conviction, scrubbed computer to eliminate evidence);
70. *United States v. Fulkerson,* No. 10-CR-0526 **(S.D.** Cal. 2010) (defendant had significant medical problems);
71. *United States v. Huffman,* No. 09-CR-20073 (D. Kan. 2010) (defendant was young and attending treatment);
72. *United States v. Lafrance,* No. 09-CR-20401 (E.D. Mich. 2010) (78-year-old defendant with health issues who distributed, received, and possessed illegal images through file-sharing program);
73. *United States v. Manke,* No. 09-CR-172, 2010 U.S. Dist. LEXIS 3757 (E.D. Wis. 2010) (defendant possessed more than 1,200 images, chatted with others to obtain more images, made progress in mental health treatment before sentencing);
74. *United States v. Moreira,* No. 10-CR-002 (D.D.C. 2010) (sentenced to five years' probation with victim restitution ordered totaling $11,600

where clinical evaluations indicated defendant did not present a risk of harm and defendant had family support and strong work history);

75. *United States v. Noel,* No. 09-CR-00701 (C.D. Cal. 2010) (socially and emotionally underdeveloped 24-year-old defendant had become addicted to viewing child pornography at age 14 while recuperating from major surgery, which left him physically disabled, and was now in counseling; sentenced to five years' probation (down from guideline range of 78-97 months), with the first six months to be served in a "jail-type facility");

76. *United States v. Pustis,* No. 10-CR-60038 (D. Or. 2010) (sentenced to five years' probation (where guideline range was 87-108 months) and $20,000 fine, where defendant was over 50 years old, had engaged in extensive therapy since his arrest, passed a polygraph, and presented little risk of committing further crimes);

77. *United States v. Ramos,* No. 08-CR-30034 (D. Mass. 2010) (sentenced to four years' probation, twelve months of which in a halfway house, where defendant had no criminal history and had suffered from major depression over many years);

78. *United States v. Smith,* No. 09-CR-0740 (E.D. Mo. 2010) (defendant had strong family and community support);

79. *United States v. Young,* No. 09-CR-252 (W.D. Mich. 2010) (sentenced to one day in prison followed by seven years of supervised release, and a fine of $7,000, where defendant was completely disabled due to multiple sclerosis and suffered severe depression);

80. *United States v. Wright,* No. 09-CR-311 (D.D.C. 2010) (sentenced to five years' probation (where guideline range was 33-41 months) with the special condition that the defendant continue in mental health treatment and perform 600 hours of community service);

81. *United States v. Van Dusen,* No. 08-CR-60136 (D. Or. 2010) (sentenced to one day in prison plus up to one year in a residential reentry center and 10 years of supervised release where defendant was mentally and physically frail and defendant presented expert on the Bureau of Prisons stating that the Bureau was not able to address his medical problems very well and that the defendant would be susceptible to extortion and assault);

82. *United States v. Victor,* No. 08-CR-5821 (W.D. Wash. 2010) (where guideline range was 121-151 months, sentenced to one day in prison followed by 10 years of supervised release with the first 6 months on home confinement with electronic monitoring plus 100 hours of community service, where defendant had been in active military duty, was successfully undergoing treatment, was cooperating, presented little

risk of harm to children, and the government recommended a downward variance to a guideline range of 27-33 months);

83. *United States v. Autery,* 555 F.3d 864 (9th Cir. 2009) (defendant actively solicited illegal images, but could not be accommodated adequately in federal prison and needed outpatient psychiatric monitoring and management);

84. *United States v. Carpenter,* No. 08-CR-06256 (W.D.N.Y. 2009) (defendant possessed several videocassettes containing at least 150 illegal images);

85. *United States v. DeHaven,* No. 08-CR-31 (N.D. Iowa 2009) (defendant had social anxiety disorder and a strong work history);

86. *United States v. Driskell,* No. 08-CR-641 (E.D. Mo. 2009) (defendant had illegal images available for distribution through file-sharing program, but took steps to delete illegal images, had significant family obligations);

87. *United States v. Dulak,* No. 08-CR-490 (D.N.J. 2009) (young, intelligent defendant with documented mental health history);

88. *United States v. Gonzalez,* No. 07-CR-328 (W.D. Wash. 2009) (sentenced to one day in prison followed by 10 years of supervised release where guideline range was 87-108 months, defendant was cooperative and presented a low risk of re-offending);

89. *United States v. Graci,* No. 2:09-CR-00131 (E.D. Pa. 2009) (defendant, a former elementary school teacher, purchased access to child pornography websites on three different occasions);

90. *United States v. Guismondi,* No. 07-CR-00610 (E.D.N.Y. 2009) (developmentally disabled defendant who was victim of sexual abuse);

91. *United States v. Helbig,* No. 08-CR-30052 (D. Mass. 2009) (sentenced to five years' probation, six months of which was in a halfway house and six months on home confinement, based on defendant's immaturity and lack of judgment, deep contrition and understanding of the seriousness of the offense, lack of risk of harm to children, and particularly strong family support);

92. *United States v. Hill,* No. 08-CR-00208 (W.D. Okla. 2009) (defendant had been sexually abused, obtained and shared images through file-sharing);

93. *United States v. Malakoff,* No. 1:09-CR- 00051 (D.D.C. 2009) (defendant was sexually abused as a child and suffers from post-traumatic stress disorder);

94. *United States v. Meillier,* 650 F. Supp. 2d 887 (D. Minn. 2009) (defendant was mentally disabled and had been the victim of sexual abuse);
95. *United States v. Rubino,* No. 4:08-CR-00114 (M.D. Pa. 2009) (defendant was a mentally challenged man with prior drug convictions who possessed 25 disks containing child pornography);
96. *United States v. Stall,* 581 F.3d 276 (6th Cir. 2009) (defendant had no criminal history, was remorseful and undergoing treatment, which was likely to be effective; sentenced to one day in prison followed by 10 years supervised release plus a $5,000 fine);
97. *United States v. Teagno,* No. 09-CR-0328 (E.D. Va. 2009);
98. *United States v. Butler,* No. 1:07-CR-00466 (M.D. Pa. 2008) (defendant was in his sixties with no prior criminal conduct);
99. *United States v. Cernik,* No. 07-20215, 2008 WL 2940854 (E.D. Mich. 2008) (defendant currently in treatment, employed, and incarceration would increase, not decrease defendant's risk to the public);
100. *United States v. Colon-Rodriguez,* No. 07-CR-00481 **(D.P.R.** 2008);
101. *United States v. Connelly,* No. 07-CR-830 (D.N.J. 2008) (sentenced to five years' probation and a $1000 fine where guideline range was 78-97 months);
102. *United States v. Duhon,* 541 F.3d 391 (5th Cir. 2008) (defendant would benefit from continued psychological treatment with his doctor);
103. *United States v. Grosinsky,* No. 08-CR-20090, 2008 WL 5062845 (E.D. Mich. 2008) (sentenced to one day in prison followed by five years of supervised release, and 100 hours of community service where probation recommended a variance and where the images were of the defendant and a mature-looking male only 3 months shy of 18 who solicited the defendant, the defendant was in treatment and "displays an understanding of his errant ways, and is unlikely to repeat his wrongful conduct");
104. *United States v. Hansen,* No. 08-CR-5090 (W.D. Wash. 2008) (sentenced to one day in prison followed by 30 years of supervised release to include 80 hours of community service, and a fine of $5,000 where defendant was mildly mentally retarded, had never touched a child, presented limited risk to children, and the government agreed that a "long period of supervised release, combined with electronic home monitoring, will adequately punish [the defendant] and protect the public");
105. *United States v. Joy,* 07-CR-187 (N.D.N.Y. 2008)(one day in custody);
106. *United States v. McDonald,* No. 3:08-CR-30031 (D. Mass. 2008) (defendant underwent therapy);

107. *United States* v. *Prise!,* 316 F. App'x 377 (6th Cir. 2008) (defendant possessed 1,189 images, including those stored on disks and hard drives, and ordered videotapes from overseas, but had undergone mental health treatment, had family responsibilities, and presented no danger to children);
108. *United States* v. *Rausch,* 570 F. Supp. 2d 1295 (D. Colo. 2008) (defendant had multiple health problems);
109. *United States* v. *Rowan,* 530 F.3d 379 (5th Cir. 2008) (defendant lost career because of case, was progressing in treatment);
110. *United States* v. *Simpson,* No. 08-CR-0267 (E.D. Va. 2008) (65-year-old defendant with health problems);
111. *United States* v. *Boyden,* No. 2:06-CR-20243 (E.D. Mich. 2007) (defendant purchased access to three child pornography websites over a number of years and searched for illegal images);
112. *United States* v. *Horton,* No. 06-1880 (D. Ariz. 2007) (defendant was old and had health problems, possessed more than 600 images);
113. *United States* v. *Polito,* 215 F. App'x 354, 356-57 (5th Cir. 2007) (young, immature defendant who had never before been arrested for any offense; presented no threat to the community or young children; receiving mental health treatment, maintained employment, and avoided any problem with the law, and a term of imprisonment would interrupt mental health treatment);
114. *United States* v. *Shore,* No. 06-CR-00335 (E.D. Cal. 2007) (defendant was victim of molestation, possessed over 4,500 images, and shared images);
115. *United States* v. *Boyd,* No. 06-CR-20243 (E.D. Mich. 2006) (defendant with social deficits);
116. *United States* v. *Calderon-Sabalier,* No. 06-CR-0122 (D.P.R. 2006);
117. *United States* v. *Miller,* No. 05-CR-00974 (N.D. Ill. 2006) (defendant possessed five illegal videos and an additional thirty-two deleted illegal images);
118. *United States* v. *Bailey,* 369 F.Supp.2d 1090 (D. Neb. 2005)(defendant had significant family obligations and possession was temporary);
119. *United States* v. *LaFrance,* No. 02-CR-81048 (E.D. Mich. 2005) (young defendant who went to trial, exchanged images);
120. *United States* v. *Machmer,* 2:04-cr-00097-WDK-JEB-1 (E.D. Va. 2005) (defendant had significant social skill development issues);
121. *United States* v. *Stewart,* No. 05-CR-242 (D.N.J. Sept. 30, 2005) (sentenced to three years' probation with twelve months home confinement where defendant was 87 years old at the time of sentencing);

122. *United States v. Jones,* No. 04-CR-1840 (D.N.M. 2004) (defendant had Asperger's syndrome and family obligations);
123. *United States v. Angle,* No. 09-CR-401 (M.D. Fla.) (defendant was 75-year-old with medical needs);
124. *United States v. Lagae,* No. 09-CR-20310 (eleven years of supervised release with one year of home confinement).